**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **First Merit Credit Services,** | ) | **CASE NO.  1:08 CV 2997** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Fairway Aviation, LLC, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon plaintiff's Amended Motion for Summary Judgment (Doc. 37).  For the following reasons, the motion is UNOPPOSED and GRANTED.

### Facts

Plaintiff, First Merit Credit Services (hereafter, plaintiff), filed this Complaint against defendants, Fairway Aviation, LLC, Matthew C. Gilley, Patrick Clay Gilley, and Paschal Gilley, Jr. (collectively, defendants).  This case was originally filed in the Summit County Court of Common Pleas and removed to this Court on the basis of diversity of citizenship.

On April 19, 2007, the defendants executed and delivered a Promissory Note (the

1

Note) to plaintiff in the original principal amount of $1,598,475.00. On that same day, the defendants also executed and delivered an Aircraft Security Agreement (the Security Agreement; referred to collectively with the Note as the Loan Documents which are attached to the Complaint and Motion for Summary Judgment) to plaintiff. (Pamela Cooksey aff.) Pursuant to the terms of the Security Agreement, the defendants granted plaintiff a security interest in a 1987 Beechjet 400 Aircraft (the Aircraft). (*Id.*)

The Note required defendants to make 83 regular monthly payments of $12,616.50 each and a final payment estimated to be $1,288,610.38. (Doc. 32 Ex. A, p. 1.) Defendants defaulted on the Loan Documents by failing to make the monthly payments for September and October 2008. (Cooksey aff.; Fairway depo. 45-46; Paschal Gilley depo.16; Matthew Gilley depo. 31; Patrick Gilley depo.12) Under the terms of the Note, upon payment default all of the indebtedness became immediately due and payable. (Ex.A at 2.)

A Certificate Regarding Aircraft Usage (the Certificate), executed and delivered to plaintiff by Fairway Aviation, LLC, prohibited the Aircraft from being flown outside of the continental United States unless prior written permission was granted by plaintiff. (Doc. 32 Ex. C; Matthew Gilley depo. 44-45). By written correspondence of April 24, 2007, plaintiff granted permission for the Aircraft to travel to Canada and the Bahamas. (Doc. 32 Ex. D) No other foreign destinations were permitted by plaintiff. (Cooksey aff.; Matthew Gilley depo. 45.) In October 2008, Paschal Gilley informed Pamela Cooksey, plaintiff's Vice President in the Aircraft Finance Department, that the Aircraft had been flown to Panama. (Cooksey aff.; Fairway depo. 68.) Cooksey avers that as the Aircraft's travels to Panama constituted a default under the Loan Documents and the Certificate which plaintiff considered to be

2

material, plaintiff obtained possession of the Aircraft in November 2008 as permitted by the terms of the Security Agreement.  (Cooksey aff.)

Plaintiff hired a broker, David F. Maruna, from Business Aircraft Group (BAG), to market and advertise the Aircraft for sale.  He advertised the Aircraft world-wide from November 14, 2008 through March 11, 2009, and plaintiff incurred costs associated with preparing the Aircraft for sale including overhauling the right engine, replacing a cracked and delaminated windshield, replacing the carpeting, detailing the interior and exterior, refinishing the entrance steps, and polishing all bright work. (*Id.*)

Ultimately, plaintiff, through Maruna, entered into an Aircraft Purchase Agreement, dated March 26, 2009 (the Sale Agreement), with a third-party buyer whereby the Aircraft was sold for $775,000.00, the highest offer received by plaintiff.  (*Id.*; Doc. 32 Ex. E) After applying the net proceeds of the sale to the amounts due and owing pursuant to the Note, as of October 6, 2009, $1,276,657.86 remains outstanding on the Note, consisting of a principal balance of $776,871.37, interest in the amount of $103,870.08, late fees in the amount of $2,649.48, collection and repossession expenses in the amount of $264,877.93, disposition expenses in the amount of $97,760.00, and insurance premiums in the amount of $30,629.00. (*Id.*)

This matter is now before the Court upon plaintiff's Amended Motion for Summary Judgment.  Defendants have not opposed the motion.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial

does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall be entered "if appropriate."

**Discussion**

For the following reasons, the Court finds that plaintiff is entitled to judgment on its unopposed motion.

The undisputed facts, discussed above, demonstrate that defendants defaulted on the Loan terms. The loan proceeds were received by defendants and utilized by Fairway to purchase the Aircraft. Plaintiff complied with its contractual obligations and defendants were obligated to make monthly payments to it in the amount of $12,616.50.  Failure to make payments pursuant to the Note constituted a default pursuant to the Loan Documents. Defendants failed to make the monthly payments for September and October 2008. Defendants also defaulted under the Loan Documents when they permitted the Aircraft to travel to Pamana. Allowing the Aircraft to travel to Panama constituted a material default. Upon the occurrence of a default, plaintiff was entitled to accelerate the entire amount due

5

pursuant to the Note. Although not required by the Loan Documents, on October 21, 2008, plaintiff sent Defendants a notice of default and acceleration. (Cooksey aff., Ex. F) Defendants never cured their default.

Pursuant to the terms of the Loan Documents, upon default plaintiff took possession of the Aircraft and disposed of it by sale. Additionally, all expenses relating to the disposition of the Aircraft, including costs incurred with the retaking, holding, insuring, preparing for sale and selling the Aircraft, became part of the indebtedness owed and payable on demand with interest at the rate specified in the Note. Plaintiff incurred costs and expenses associated with the repossession and sale of the Aircraft, as discussed above.

Pursuant to the terms of the Loan Documents, the total amount due and owing from defendants as of October 6, 2009 is $1,276,657.86, plus attorneys' fees (discussed below) and interest accruing after October 6, 2009.

The Note states,

ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

On the basis of this provision, plaintiff is entitled to have its legal expenses reimbursed, the amount to be determined at the conclusion of this action.

Although defendants filed an Answer to the Complaint, raising defenses, defendants did not oppose the motion. Thus, they fail to dispute plaintiff's claim. Plaintiff is entitled to

6

judgment for the reasons stated in its motion.

### **Conclusion**

For the foregoing reasons, plaintiff's Amended Motion for Summary Judgment is unopposed and granted. Defendants are jointly and severally liable to plaintiff in the aggregate amount of $1,276,657.86, plus interest from and after October 6, 2009 at the rate of $150.90 per diem, plus attorneys' fees. Plaintiff must submit evidence supporting attorneys' fees by January 4, 2010.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 12/14/09